# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARKESHA PATRICIA HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-195-2

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Markesha Patricia Hall appeals the amount of restitution ordered in connection with her guilty plea conviction for knowingly possessing and uttering a forged and counterfeit security in violation of 18 U.S.C. § 513(a). She was ordered to pay, jointly and severally with a co-defendant, restitution in the amount of $1,497.07. Hall argues that the amount of restitution ordered was plainly erroneous because it was not limited to the $381.55 counterfeit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10222

check for which she was convicted and that the error affected her substantial rights.

As the Government concedes, despite the fact that it was agreed to in Hall's factual resume, the amount of restitution ordered in this case is clear and obvious error because Hall was ordered to pay restitution based upon conduct beyond her offense of conviction. *See United States v. Benns*, 740 F.3d 370, 377 (5th Cir. 2014); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). The error affects Hall's substantial rights. *See Benns*, 740 F.3d at 378; *see also Puckett*, 556 U.S. at 135. Moreover, contrary to the Government's arguments that the error fails the fourth prong of our plain error review, we have stated that "[w]hen a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects . . . the fairness and integrity of the judicial proceeding." *See United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007); *see also Puckett*, 556 U.S. at 135; *cf.* 18 U.S.C. § 3663(a)(1)(A). Inasmuch as the Government concedes that the correct amount of Hall's restitution should have been $381.55, we modify the judgment to reflect restitution ordered in that amount and affirm the judgment as modified.

AFFIRMED AS MODIFIED.